**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
**Plaintiff**

v.                                                                              CIVIL NO. 01-1260(DRD)

**FUNDS SEIZED FROM CERTAIN**
**DOMESTIC BANK ACCOUNTS**
**REPRESENTING PROCEEDS OF**
**NARCOTICS TRAFFICKING and**
**MONEY LAUNDERING,**
**Defendants**

**OPINION AND ORDER**

Pending before the Court is the Government's *United States of America's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 60(b)(1)*(Docket No. 180) moving the Court to reconsider its previous ruling awarding attorney's fees to claimants resulting from a forfeiture procedure against assets belonging to claimants. For the reasons stated hereinafter, the Government's *United States of America's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 60(b)(1)*(Docket No. 180) is hereby **DENIED**.

**PROCEDURAL BACKGROUND**

On September 29, 2004, the Court awarded attorney's fees and costs in the amount of **One Hundred Fifty One Thousand Eight Hundred and Forty Six Dollars and Eighty Nine Cents ($151, 846.89)** in favor of claimant Eagle Bank (Docket No. 174). In its Order, the Court denied the Government's arguments that claimants were obligated to hire local counsel, and the challenge made to the hourly rate and the number of hours charged by claimants' counsel. Consequently, the Government was ordered to pay claimant within 60 days of the issuance of said order. In its decision the Court concluded that in this Circuit, attorney's fees are calculated using the lodestar method as set forth in Coutin v. Young & Rubicam, 134 F.3d 331 (1st Cir. 1997). Finally, the Court noted that

the costs charged by claimants' counsel were never challenged by the Government.

On October 25, 2004, the Government requested leave to file a motion for reconsideration under Rule 59 stating that the notification of the Court's order was not received by counsel until October 22, 2004 (Docket No. 177). In essence, the Government alleges that the Court's Opinion and Order (Docket No. 174) was exclusively notified to former AUSA Javier Santos Mimoso who at said time had recently ended his employment with the Government. The notification was forwarded by Mr. Santos Mimoso to the legal assistant of the newly assigned AUSA. However, the new AUSA and its legal assistant were both out in leave at the time the notification was forwarded reason for not receiving the notification until October 22, 2004.[1]

The requested leave was granted and the motion for reconsideration was filed on January 3, 2005, within the deadline provided by the Court. In the meantime, counsel for claimant moved the Court to enter an order against the Government to show cause as to why it should not be held in contempt for its failure to comply with the Court's Opinion and Order requiring to pay in its totality the attorney's fees to the prevailing party in the instant case. Claimants further requested the imposition of sanctions against the Government including additional fees and costs as a resulting from the additional motions filed to obtain payment, and payment of interest at a default rate from the date payment was required.

The Government's motion to reconsider is based on the grounds that attorney's fees paid in

---

[1] The Court has reviewed the Docket Sheet for the instant case and notes that the Opinion and Order at Docket No. 174 was notified exclusively to counsel Jose Javier Santos Mimoso at his personal electronic mail address. Further, the Court notes that the motion at Docket Entry No. 173 was filed by then AUSA Santos Mimoso and was submitted using the official address at the Department of Justice. Further, Docket No. 173's receipt of notification shows that said motion was notified to counsel Santos Mimoso's official address at the Department of Justice and that a second notification was mailed to Ms. Nilsa Garcia, an assistant in the United States Attorney Office. However, the Opinion and Order at Docket No. 174 does not show that it was notified to Ms. Nilsa Garcia. In other related matters, the Docket Sheet for the instant case reveals that counsel Santos Mimoso, as of this date, has not yet file a notice of withdrawal of legal representation and that the Notice of Appearance of AUSA Maritza Gonzalez, dated October 21, 2004, does not state that the appearance is in substitution of counsel Santos Mimoso.

civil forfeiture cases should be imposed pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(2)("EAJA") which provides caps to the compensation rates of attorneys in said cases. The Government sustains that the use of the lodestar methodology [as used by the Court in the instant case] imposes an unreasonable burden and creates an extraordinary liability on the Government which allegedly was not taken into consideration at the time the Civil Asset Forfeiture Reform Act (CAFRA) was enacted. Further, the Government challenges the number of hours charged by claimant's counsel sustaining its unreasonableness since more than half of the hours charged are related to the fees application process. In support of its position, the Government examines the amount of hours charged by other counsel in the instant claim and concludes that the claimants' counsel hours charge is inconsistent with the amount charged by those other counsel. Secondly, the Government affirms that the hours charged by claimants in the first two (2) fees application are not recoverable since they were presented before the Court without a basis in law, that is, the requests were filed before judgment was entered.[2] Consequently, the Government concludes that the hours billed in preparation of the final fee request should have taken less time than the previous ones filed however, the actual hours invested in the preparation of the request is in excess of the number of hours charged in said previous requests.

**STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION**

Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the Court. Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202 , n.4 (D.P.R. 1999).

---

[2] Claimants filed requests for attorney's fees in August 27, 2002 (Docket No. 98); in December 2002 (Docket No. 127); and in April 2003 (Docket No. 145).

These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994)(*citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir., 1992)); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id. at 123. *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994)(a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col, 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir., 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e. rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. Waye v. First Citizen's National Bank, 846 F.Supp. 310 (M.D.Pa. 1194)(request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y. 1993)(motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D 99 (E.D Va. 1983)(motion for reconsideration of order denying motion to dismiss).

Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late. McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (M.D Pa., 1993); Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 389-90 (D.P.R., 1981); Atlantic States Legal Foundation v. Karg Bros., 841 F.Supp. at 55; McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir., 1983).

As a general rule, motions for reconsideration should be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice. Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. Id. (*citing* New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams v. City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa.,

1992).

A Rule 60(b) motion permits the Court to "relieve a party...from a final judgment, order, or proceeding" for the specifics instances prescribed by the rule. Rule 60(b) seeks to balance the importance of finality against the desirability of resolving disputes on the merits. Cotto v. United States, 993 F.2d 274, 277 (1st Cir.1993). "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether hertofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b); *see also* Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384 (1949). On the other hand, the rule shall be construed to recognize the policy as to deciding the cases on the merits rather than on a procedural issue. Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Company, Inc., 953 F.2d 17, 19 (1st Cir. 1992).

Rule 60(b) encompasses six bases for potential relief. Motions made under clauses (1)-(3) must be made within one year following the entry of the challenged order or judgment. Motions made under clauses (4)- (6), however, are not so strictly cabined; such motions need only be made within a reasonable time. What is "reasonable" depends upon the circumstances of the particular case. Cotto, 993 F.2d 280. The circumstances to be considered include the length of the delay, the justification for it, and the prejudice (if any) associated with the granting of relief. U.S. v. Bosch

Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990).

With these parameters in mind, the Court reviews in seriatim fashion plaintiffs' request for reconsideration as to its previous decision granting claimants' request for the imposition of attorney's fees.

## LEGAL ANALYSIS

At the outset the Court addresses the arguments raised by claimants sustaining that the Government is precluded from obtaining the relief requested under Rule 60(b)(1) hence its motion for reconsideration should be denied. The Court notes that previously an order denying the Government request to file a motion for reconsideration and/or modification of judgment pursuant to Rule 59 but granted leave to file the motion for reconsideration under Rule 60(b) "because the ten day term provided by the Rule [59] is jurisdictional". However, said ruling should not be modified to correct that the Rule 59 motion should have been granted. The Court explains.

At the moment the Court issued its Opinion and Order awarding claimants attorneys fees and costs, the Court correctly determined that the Government's motion for reconsideration was untimely filed because it had been filed past the ten days granted by the Rule 59 and since said term is of a jurisdictional nature. However, after a careful examination of the challenge raised by claimants that the Government was impeded to challenge the attorney's fees under Rule 60, Fed.R.Civ.P., the Court sustains its previous ruling.

It is crystal clear law that motions under Rule 59(e) shall be served within ten (10) days **after the entry of judgment and the Court is precluded from extending the time in which to make the motion**. The term "judgment" is broadly defined in the federal rules as including "a decree *and any order from which an appeal lies*." Rodriguez v. Banco Central, 790 F.2d 172, 176 (1st Cir. 1986); (*quoting* Fed.R.Civ.P., Rule 54; Bankers Trust Co. v. Mallis, 435 U.S. 381, 384, n.4, 98 S.Ct. 1117, 1119-20(1978) *per curiam*). Therefore, since the Court's Opinion and Order granting

claimants attorney's fees and costs was appealable since it was issued, and the time to file a Rule 59(e) motion had already elapsed, the proper vehicle to raise a reconsideration of the previous Opinion and Order was under Rule 60(b).

After careful review of defendants' and plaintiff's motions, supplemental motions and memorandums of law, and after holding a hearing on the instant matter, this Court finds that in the instant case claimants were entitled to the full amount claimed in attorney's fees plus litigation costs. The Government's motion for reconsideration raises three issues which have been extensively presented previously to the Court, argued and ruled upon.

Firstly, the Government questions the imposition of attorney's fees using the lodestar method rather than the method provided by the EAJA. The Governments affirms that CAFRA is "profoundly ambiguous" as to establishing the time for filing the application for attorney's fees and the methodology to be applied in calculating the amount to be paid. However, the Government suggests that it is reasonable to conclude that it was the Congress' intent, at the time the statute was enacted, to use the fee-shifting scheme provided by the EAJA without creating a new scheme which may accomplish "materially different goals". The Government has failed to provide any legal support and/or applicable caselaw in support of its proposal. Simply put, the Government, once again, moves the Court to take another bite at the apple moving the Court to rethink a decision that has already been made and which is the Court is not inclined to do so simply because there is no new authority cited. <u>Williams v. City of Pittsburgh</u>, 32 F.Supp.2d at 238.

Finally, the Government challenges the number of hours charged by claimants' counsel in prosecuting defense of the attorney's fees. This argument has also been raised by the Government in several previous occasions and has been addressed by the Court every time it has been argued therefore, the Government pursues to relitigate issues already ruled upon. The Court notes that the Government challenges the hours spent by claimants' attorneys in the fee's process by comparing

their effort with other claimants in the instant case. However, the Government repeatedly has failed to recognize that these attorneys represented six claimants hence the number of hours spent in the fee application process should be proportional to the defense of said six claimants.

After careful consideration of Plaintiffs' *Motion for Reconsideration*, the Court finds that Plaintiffs' motion is a reinstatement of their old arguments previously considered and rejected in the Court's Opinion and Order at Docket No. 98. As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided. Barret v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001)(*citing* Cody Inc., v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir. 1999); Cashner v. Freedom Stores Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

A reconsideration of a previously issued Order is "addressed to the sound discretion of the trial court." Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)(*quoting* Pagan v. American Airlines Inc., 534 F.2d 990, 993 (1st Cir. 1976)). The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D Pa. 1992). To the extent that the motion for reconsideration merely requests the Court to revisit plaintiffs' previous allegations, all of which were carefully considered by the Court prior to its issuance of its Opinion & Order, the request should be refused.

The Government in the instant case have failed to establish that the Court's Opinion and Order suffers from "manifest errors of law" that should be corrected. Trabal Hernandez v. Sealand Service, Inc., 230 F.Supp. 2d at 259. Neither did the Government bring forth newly discovered evidence that the Court should consider, **nor an intervening change in controlling law or the need to prevent manifest injustice**, in order to be entitled to the relief sought. Dodge v. Susquehanna University, 796 F.Supp. at 830. The Government has just brought forth arguments based on an

interpretation of sisters courts' caselaw attempting to move the Court's discretion and to award fees in what the Government believes is reasonable. However, the Government has failed to provide the Court with solid grounds as to why the ruling previously issued should be set aside and the Court should adopt their own theory on fees award. After all, a motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant. <u>Waye v. First Citizen's National Bank</u>, 846 F.Supp. at 314 n.3. This is precisely what the Government pursues in its motion when its sustains that the proper method for calculating attorney's fees should be the one provided by the EAJA and not the lodestar method used by the Court.

The Court has examined the Government's theory that attorney's fees under CAFRA should be awarded pursuant to the EAJA provisions which establishes a ceiling to the rate per hour to be paid as attorney's fees in civil forfeiture cases rather than awarding fees at a reasonable hourly rate considering the prevailing market rate for attorneys of comparable competence. However, the Court declines the invitation tendered by the Government. The Court explains.

Firstly, the Civil Asset Forfeiture Reform Act of 2000 applies to those forfeiture proceedings commenced on or after August 23, 2000. *See* <u>Pub. L. No.</u>, 106-185, §21, 114 Stat. 202, 225, 18 U.S.C. §983. The instant forfeiture proceeding was initiated on March 2, 2001, hence this Act applies in full force to all related matters.

At the outset the Court notes that Congress with the enactment of CAFRA significantly altered the standards and procedures applicable to civil forfeiture proceedings. Amongst other changes, attorney fees are to be awarded to claimants who "substantially prevail" in the forfeiture actions while under the EAJA were to be awarded to "prevailing parties". Likewise, CAFRA raised the government's initial evidentiary burden from showing probable cause for the forfeiture to demonstrating by a preponderance of the evidence that forfeiture is warranted. Finally, and relevant to the instant controversy, attorney fees imposed under the EAJA were limited to a cap of $125/hr.

but under CAFRA there is no specific language imposing a cap in the attorney fees to be awarded. Rather, the moving party "must show that the hourly rates charged are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation'." U.S. v. $60,201.00 U.S. Currency, 291 F.Supp.2d 1126, 1130 (2003)(*quoting* Sorenson v. Mink, 239 F.3d 114, 1145 (9th Cir. 2001)).

Evidently, the statute's language does not provide support to the Government's proposal as to establishing a cap on the hourly rate to be paid as fees in civil forfeiture proceedings. It is well known that if a meaning of a statute is clear, the Court enforces that meaning. Bryson v. Shumway, 308 F.3d 79, 84 (1st Cir. 2002)(*citing* Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 US 837, 842-843, 104 S.Ct. 2778 (1984). Hence, the language and circumstances enacted in CAFRA does not suggest a legislative intent to provide a cap on the attorney fees to be paid to "substantially prevailing" parties in civil forfeiture proceedings. Simply put, the Court is not moved by the arguments posed by the Government.

It should be noted that the issue raised by the Government has not been addressed by the Court of Appeals for the First Circuit. However, the Court's conclusion finds support in the only two (2) decisions published[3] addressing the instant controversy and both opinions belong to the sister court for the Central District of California. Both sister courts concluded that CAFRA was enacted after the EAJA and that "[I]f Congress had intended to maintain the status quo with regard to fee awards, it had the option of specifying that hourly rates should be capped, or, alternatively, omitting the attorney fee language from the Act entirely". U.S. v. $60,201.00 U.S. Currency, 291 F.Supp.2d at 1130. The Court agrees with the sisters court's ruling and holds that the lodestar methodology is to be used when awarding attorney fees in civil forfeiture proceedings as set forth in Coutin v.

---

[3] U.S. v. 4,432 Mastercases of Cigarettes, 322 F.Supp.2d 1075 (C.D. California 2004); U.S. v. $60,201.00 U.S. Currency, 291 F.Supp.2d 1126 (2003)

Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997).

Finally, plaintiffs have failed to bring forth any evidence to justify relief pursuant to Rule 60(b).  In sum, Plaintiffs have failed to establish that this is a unique situation " where principles of equity *mandate* relief", Jinks v. Alliedsignal Inc., 250 F.3d at 387 quoting Olle v. Henry & Wright Corp., 910 F.2d at 365(*emphasis in the original*), that justifies that the extraordinarily remedy requested should be granted. Plaintiffs simply request the Court to reconsider arguments that were already discussed at this Court's order.  However, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp. 2d at 238.

A motion for reconsideration is an extraordinary remedy which should be **sparingly** granted. Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123.  Plaintiffs have failed to bring forth anything that would entitle them to such exceptional remedy.  Accordingly, plaintiffs' *United States of America's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 60(b)(1)* (Docket No. 180) is hereby **DENIED**.  Further, the Government is **ORDERED TO DISBURSE PAYMENT IN FULL FORTHWITH**.  **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN SANCTIONS.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 31st day of May 2005.

              **S/DANIEL R. DOMINGUEZ**
              **DANIEL R. DOMINGUEZ**
              **U.S DISTRICT JUDGE**